Thomas v. Thomas.

JOHN D. THOMAS V. SYLVIA E. THOMAS ET AL.

[FILED NOVEMBER 5, 1891.]

1. **Res Adjudicata:** How PLEADED. The party relying upon a former adjudication as a defense must aver in his answer in what court the judgment was rendered, and plead facts showing that the recovery was upon the same subject-matter and between the same parties, or their privies, as the suit in which the defense of *res adjudicata* is made, and that the judgment is in full force.

2. ——— : ———. The failure to allege when the former adjudication was had will not invalidate the plea, although it is good ground for a motion to make more definite and certain.

3. ——— : THE ANSWER construed, and *held*, to state sufficient facts to constitute a bar to the action.

4. **Fraud:** AVOIDING JUDGMENT: PLEADING. In order to avoid a judgment on the ground of fraud in obtaining it, the facts constituting the fraud must be pleaded and proved.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*Bradley & Delamatre,* for plaintiff in error.

*Cowin & McHugh, contra.*

NORVAL, J.

From a judgment rendered in favor of the defendants in the court below the plaintiff prosecuted an appeal to this court. At the January term, 1890, the cause was submitted upon two motions, one to quash the bill of exceptions, and the other to dismiss the appeal. Both motions were sustained; the former, because the bill of exceptions was not prepared, served, nor allowed within the time required by law, and the latter, on the ground that the appeal was not taken within six months from the rendition of the

judgment appealed from. Although the appeal was dismissed, the transcript was retained, and the plaintiff was permitted to file a petition in error. Subsequently, the cause was again submitted for decision upon the errors assigned in the petition in error.

This suit was instituted in the district court by John D. Thomas against Sylvia E. Thomas, Carrie L. Behm, and John F. Behm, the purpose and object of which was the cancellation of a deed of certain real estate situated in Douglas county, made by the plaintiff to said John F. Behm, which, it is alleged, was procured by certain false and fraudulent representations of the defendants. The fraudulent representations are set out in the petition with great particularity, but their repetition here is not necessary to a proper understanding of the question presented.

The defendants answered denying each and every allegation of the petition, and, as a further defense, answered as follows:

"And said defendants, further answering said petition, say that the issue here joined has been heretofore tried in said court between said parties, and has been finally adjudicated in favor of said defendants; and said defendants further say that the judgment rendered in favor of said defendants still stands in full force, and is *res adjudicata;* and said defendants therefore plead the same in bar of this action."

No reply was filed. Upon the trial the court found that the defense of *res adjudicata* was sustained by the evidence, and dismissed the action.

It is urged by counsel for plaintiff in error that the plea of former adjudication is insufficient to support the judgment. It is safe to state that the general rule deducible from the decisions is, a judgment of a court having jurisdiction of the parties and the subject-matter is a complete bar, as to the question therein litigated, to a subsequent

Thomas v. Thomas.

suit between the same parties, or their privies.   The party relying upon a former adjudication as a defense must aver, in his answer, in what court the judgment was rendered and plead affirmative facts, showing that the recovery was upon the same subject-matter, and substantially between the same parties as the suit in which the defense of *res adjudicata* is made, and that the judgment is in full force. Tested by this rule, the answer in the case at bar states a complete defense. It shows that both suits were brought in the same court, were between the same parties, involved the same issue; that judgment was rendered in the former action in favor of the answering defendants, and that said adjudication was in full force.

Fault is found with the answer because it fails to allege when the former adjudication was had.   While in the approved forms of the plea of *res adjuticata*, found in the various works on pleading, the date when the judgment was rendered is given, yet we have been unable to find a single authority, and none has been cited by counsel, which holds that the plea is bad, in substance, if the date of the judgment is not pleaded. Had the precise date been averred, the allegation would have been more specific, and had a motion been made to require the defendants to make their answer more definite and certain in that respect, it would have been well taken; but the objection cannot be raised for the first time after trial and judgment. The objection to the sufficiency of the answer is overruled.

Considerable is said in the brief of plaintiff about the former judgment being obtained by fraud, and numerous authorities are cited to sustain the proposition that where fraud has been practiced by the successful party in obtaining an adjudication, the judgment is void and constitutes no bar to another action. A sufficient answer to this part of the brief is that no such question is presented by the record. The facts constituting the fraud should have been set up in a reply to the answer. As no reply was filed, the

allegations of the answer must be taken as true. The judgment is

AFFIRMED.

THE other judges concur.