NINA DODSON, APPELLANT, V. F. W. WOOLWORTH COMPANY, APPELLEE.

FILED MARCH 28, 1929. No. 26856.

*Hasselquist & Chew,* for appellant.

*Kennedy, Holland, DeLacy & McLaughlin, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

EBERLY, J.

The plaintiff, an employee of the defendant, commenced a common-law action against the defendant for damages occasioned by injuries received due to the negligence of the latter. To this petition the defendant filed a general demurrer which was sustained by the district court for Douglas county, and the plaintiff electing to stand on her petition as amended, the action was thereupon dismissed. From this order plaintiff appeals.

This court is not only committed to the doctrine that a general demurrer admits only the truth of all allegations well pleaded in the pleading demurred to and does not permit conclusions of law *(Hallstead v. Perrigo,* 87 Neb. 128), but has announced the rule governing this matter in the following terms:

"A demurrer to a pleading admits only such facts as are well pleaded, mere conclusions of the pleader not being admitted." *Busboom v. Schmidt,* 94 Neb. 30.

Examining the amended petition in the light of the authorities referred to, it is patent that the controlling question under the allegations of this pleading is: "Did the injuries complained of arise out of and in the course of plaintiff's employment?"

If this be determined in the affirmative, the injuries must be compensated under the terms of the workmen's compensation law and the action of the trial court in sustaining the demurrer is to be approved. If determined in the

negative, error was committed and a reversal must follow.

The controlling facts disclosed by the pleading demurred to may be epitomized as follows: The appellant, while regularly employed by the defendant in its business and at a place where her presence was required by such employment, and while actually subject to her master's directions, was shot by one William Lewis, resulting in the injuries set forth in the petition. Lewis, it is averred, at the time of the infliction of these injuries by him, was likewise an employee of the defendant; that immediately before his being employed by defendant, Lewis had been committed to the state hospital for the insane at Lincoln, by reason of having been found insane, after having been sentenced to the state penitentiary upon a conviction of murder, all of which was well known to the defendant at the time Lewis was employed by it; that while thus employed during several weeks prior to the time plaintiff's injuries were inflicted, Lewis became actually insane and conducted himself in and about defendant's store as an insane man, all of which was fully known to the defendant, and that the defendant, because of such condition, had removed Lewis from a department situated near where plaintiff worked, and assigned him to duties elsewhere in its store, where plaintiff performed her services.

On the day on which plaintiff's injuries were received, it is alleged that Lewis left the place in the store where he was working and came to the plaintiff in the same store and at a place where her services were then required by the defendant, and shot the plaintiff, intending to kill her, which act on the part of Lewis was due to the personal hatred and ill-feeling of Lewis against the plaintiff and wholly caused by the demented and insane condition of Lewis; that the defendant was negligent in that, after it was advised and had actual knowledge of said employee being insane and in a dangerous condition, and of his threatening and attempting to shoot other employees of the defendant, and customers in such store, it negligently and carelessly retained said incom-

petent and insane servant in its employ and exposed the plaintiff and other employees to the danger of his acts; and that the defendant was also negligent in that it failed and neglected to provide a safe place for the plaintiff to work, and in hiring and retaining said Lewis, who was unfit for the duties assigned to him and to be performed within the store where plaintiff was employed, and was mentally incompetent and unfit to associate with other employees, and that the injuries to the plaintiff were the direct and proximate result of the negligence of the defendant, in knowingly employing and retaining in its employment said William Lewis who was mentally incompetent and insane.

It must be conceded that the nature of the employment in which plaintiff was then engaged conferred upon her the compensable status under the terms of the Nebraska workmen's compensation act. It is also true that at the time the injury was inflicted she was actually occupied within her master's business in a place where her employment required her services to be performed. The injuries were therefore received in the "course of her employment."

The sole question remaining is: Did these injuries "arise out of" her employment? Is there a causal connection between the employment and the injuries to be properly deduced from a consideration of all the allegations of the amended petition?

Injuries "arise out of an employment" when there is apparent to a rational mind, upon a fair consideration of all the circumstances constituting and surrounding the transaction in which they are inflicted, a causal connection between the work, including the conditions under which it is required to be performed, and the accident involved. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of an exposure occasioned by the nature of the employment, then it arises out of the

employment. The causative danger must be peculiar to the work, and to the related conditions which surround its performance, and it must not be simply common to the neighborhood. It must be incidental to the character of the business, and not independent of the relation of master and servant. It need not have been foreseen or expected, but, after the event, it must appear to have had its origin in a risk connected with the employment and to have followed from that source as a rational consequence.

Fair examples of the proper application of the test above indicated may be said to be the following:

The claimant, while employed as a foreman of a shoe factory, receives injuries resulting in the loss of an eye through the act of an employee of a machinery company who had been repairing machines in defendant's plant, and who approached the claimant in a dark room, placed his arms about claimant's neck and drew his head forward onto a lead pencil in his pocket in such a manner that the lead penetrated the eyeball. *In re Markell v. Green Felt Shoe Co.,* 221 N. Y. 493.

In *In re Heitz v. Ruppert,* 218 N. Y. 148, horses, of which the claimant was the driver, were sprinkled with water by another employee, who intentionally sprinkled some water on claimant. Shortly afterwards, claimant touched the other workman on the shoulder, saying: "George, don't do that again." The other man slapped claimant on the shoulder, and, as claimant turned around, his finger struck claimant's eye, causing the injury.

In *McNicol's Case,* 215 Mass. 497, a workman was killed by an intoxicated fellow servant, who, when intoxicated, was quarrelsome, dangerous, and unsafe to be permitted with his fellow employees, all of which was known to the superintendent.

In *Socha v. Cudahy Packing Co.,* 105 Neb. 691, a workman actually engaged in performing his duties, and not engaged in any playful or sportive act, sustained injuries as a result of a playful application of a compressed

air-hose against his person by a fellow workman, and it was held by this court to be an injury arising out of his employment.

As applied to the facts disclosed in the pleading demurred to, in view of the principles heretofore approved by this court, it would seem that the proper rule is:

Whenever an employer puts his employees at work with fellow servants who are to him known to be incompetent, insane and dangerous, and injuries to such employees, while engaged in their master's business, result therefrom, which may reasonably be said to have been induced by the peculiar conditions of the employment thus created and permitted by the master, such injuries so inflicted may properly be said to be not only received in the course of employment, but also as arising out of said employment. Such being the character of the injuries disclosed in the instant case, they are compensable exclusively under the terms of the workmen's compensation act. *Socha v. Cudahy Packing Co.*, 105 Neb. 691; *Boyce v. Burleigh*, 112 Neb. 509; *Marchiatello v. Lynch Realty Co.*, 94 Conn. 260; *Anderson v. Security Building Co.*, 100 Conn. 373; *Kaiser Lumber Co. v. Industrial Commission*, 181 Wis. 513; *In re Katz v. Kadans & Co.*, 232 N. Y. 420.

It follows that the district court for Douglas county rightfully sustained the demurrer of the defendant to the petition of plaintiff, and the judgment of dismissal entered must therefore be affirmed.

AFFIRMED.