MARGUERITE T. YOUNG, APPELLEE, v. WILLIAM B. YOUNG, APPELLANT.

292 N. W. 923

FILED JUNE 21, 1940. No. 30834.

*Thomas J. Sheehan, Jr.,* for appellant.

*Votava & McGroarty* and *Eugene F. Fitzgerald, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

PAINE, J.

This is an appeal from a decree of the district court refusing to modify a decree of divorce entered in 1924, and finding that the provisions of that former decree are binding in all respects upon the parties and upon the court, and that the court is now without authority to change the amount of the judgment entered in the original decree.

The parties were married in Omaha on September 6, 1916, and lived together continuously until August 14, 1924. The issue of said marriage was William Bruce Young, born July 19, 1917, and Ralph Byron Young, born December 14, 1918, both of whom are now adults.

On September 30, 1924, a petition for divorce was filed by Marguerite T. Young, hereinafter called the plaintiff, and on December 12, 1924, Honorable L. B. Day, then district judge, entered a decree, granting an absolute divorce to the plaintiff, and giving to her the fee title of the home located at 2562 Redick avenue, Omaha, subject to any encumbrances of record, and, further, William B. Young,

hereinafter called the defendant, was ordered to pay plaintiff, for the support of herself and the two minor sons, "the sum of $175 each and every month during the natural life of the plaintiff; provided, however, that in the event that the plaintiff marries again said monthly payments shall at the date of such marriage be reduced to the sum of $100 each, which said payments in said amount shall be for the support, use and benefit of the said minor children only." The decree further provides that the custody of the two sons be awarded to the plaintiff, with leave to defendant to visit said sons at all reasonable times.

On February 11, 1939, the defendant filed a petition in Douglas county to modify this decree, because of changed circumstances,—his remarriage, a daughter to support, the sons of the first marriage had become self-supporting, and because of the financial losses the defendant has suffered, and the meager earnings which he now has.

To this petition the plaintiff entered her special appearance, objecting to the jurisdiction of the court over her person, because she is, and has been for several years last past, a resident of California, which special appearance was overruled by the district court.

Thereafter the plaintiff filed a demurrer for the reason that the petition failed to state a cause of action, which demurrer was overruled, and thereafter the plaintiff filed her answer, setting forth that the original decree provided a judgment for the payment of $175 a month to her during her natural life, and that she has not since remarried; that due to a tumor and a stiff knee she is unable to support herself, and is without means except such alimony, and asks that the application of the defendant be dismissed, with reasonable attorney's fees to her.

Said matter coming on for hearing, it was ordered by the trial court that the original decree stand as an adjudication between the parties, and the defendant is ordered to pay to the plaintiff the sum of $175 a month during the balance of her natural life, or until such time as she remarries, whereupon the defendant filed a motion for new

trial, which was overruled, and the case has been presented to this court.

The evidence discloses that at the time the original decree of divorce was granted the defendant was worth the sum of $150,000; that the home which was given to the plaintiff was worth $10,000, in addition to which she was given the household furniture, fixtures, personal property, including wearing apparel, jewelry, and personal effects; that for the year 1924, being the year in which the decree was granted, the defendant's income was $21,327.02; in 1925, $30,372.40; in 1926, $25,164.08; 1927, $8,432.86; 1928, $7,617.71; 1929, $8,804.20; 1930, $8,828.45; 1931, $9,424.77; 1932, $6,930.17. Then financial reverses came, and the defendant lost the sum of $114,500 in dealing in stocks and cotton on the market, and lost $45,000 in real estate, or total losses of $159,500. It is further shown by the evidence that the defendant has since removed to California, and owns one-half of a small partnership engaged in selling life insurance for the Sunset Mutual Life Insurance Company, from which his income has been as follows: For 1938, $1,110; 1939,—January, $137.88; February, $87.17; March, $101.32; up to April 28, $111.18, the date on which his deposition was taken. That defendant has no other income except some insurance renewals from outside sources, which totaled $121.80 from January 1, 1939, to April 28, 1939; that he has nothing else except some personal property and clothing, and received in the past $350 from an unfortunate oil venture.

Defendant itemized his necessary expenses of approximately $183.70 a month. He owes a doctor bill, the amount of which he did not know. He owes a $1,000 judgment to the plaintiff. He owes $3,000 to his present mother-in-law, and $2,500 to James Rodman, formerly of Omaha, $300 to $400 to his sister, $200 to his partner, Mr. Trapp, making a total indebtedness of about $7,000. His present wife worked and helped support the family, and assisted in making payments on the monthly alimony payments due to plaintiff until the present wife became ill with pneumonia,

since which time she has not been in good condition, and needs further medical treatment. The defendant sustained three jaw fractures about three years ago, requiring the use of false teeth, and due to receding of the gums further dental work is necessary, and he is suffering from hemorrhoids, which need treatment. His present mother-in-law lives with them, which is one way by which he is repaying the loan from her. The note to James Rodman is two or three years past due. The family occupy a five-room furnished house, in which his mother-in-law does some of the work. He has a daughter, Patricia Louise, by his second marriage, who was 11 years of age on February 23, 1939.

The deposition of Mrs. Hertha Young, present wife, shows that she has no property, no expectancy of property, income, or allowance, and is solely dependent upon the defendant for support.

Depositions of R. E. Trapp, the partner, and of Dr. Mueller confirm the testimony of the defendant and his present wife.

The deposition of the plaintiff, taken in Los Angeles May 25, 1939, shows that her two sons are both now employed, one of them earning $18 a week. Plaintiff lives in a furnished apartment, for which she pays $45 a month, which sum includes all of the utilities.

Her judgment for unpaid alimony was entered in the superior court of Los Angeles county, California, and established that $1,000 back alimony was due on November 28, 1938, and the judgment bears interest at 4 per cent. A payment was made in December, 1938, of $19.06, and in addition a payment has been made of $87.50, which has been applied upon the judgment. In addition to such payments, the plaintiff testified that she received direct from defendant's insurance company $160 during January, February and March. She testified that Byron, the younger son, needs a lot of dental work done, and that she needs dental work, at least $75 for the two of them; that Byron needs a pair of glasses; that plaintiff has had a major operation, and on one ovary there is a good-sized tumor, which the doctor

says should be removed, at a cost of $150 for the operation and $150 for hospitalization; that she has a stiff knee, which swells so that she must remain in bed at least two hours each afternoon; that she has no source of income outside of the judgment for alimony.

A divorce decree is usually considered a final adjudication of the property rights of the parties, and may not be revised or altered after the expiration of six months from the date of its entry. *Beard v. Beard,* 57 Neb. 754, 78 N. W. 255; *Chambers v. Chambers,* 75 Neb. 850, 106 N. W. 993.

By chapter 94, Laws 1935, the section was amended to the form now set out in section 42-324, Comp. St. Supp. 1939, which clearly provides that the court may, upon the petition of either party, revise and alter such a decree.

The latest expression of this court is found in *Morris v. Morris,* 137 Neb. 660, 290 N. W. 720. In this case the original decree of divorce provided for the payment of $60 a month, except if his income fell below $160 a month it was then to be reduced to 40 per cent. of his earnings, but in no event was it to be less than $35 a month. Some seven months after this decree was entered, the defendant made application to reduce the payments to $25 a month, and the court entered an order changing the payments to $30 a month. In our decision we said "that an application under this section cannot be used simply to review the equities of the original decree. *McIlwain v. McIlwain,* 135 Neb. 705, 283 N. W. 845. Where it is made at a subsequent term, it must be founded, we have said, upon facts or circumstances which have arisen since the decree. *Graham v. Graham,* 135 Neb. 761, 284 N. W. 280. Except where new, controlling conditions have subsequently arisen, the matter is treated as *res judicata. Chambers v. Chambers,* 75 Neb. 850, 106 N. W. 993. These principles govern not alone an allowance for the support of the wife, but have been recognized as being applicable to an allowance for child support as well. *Wassung v. Wassung,* 136 Neb. 440, 286 N. W. 340."

From this and other cases, it may be stated that the rule followed has been that, when a definite, positive, un-

conditional judgment for alimony has been entered by this court, it is improper to open up that original divorce decree, retry the case, and determine anew whether the decree was proper at the time it was entered, and in those cases in which a petition to modify has been considered and new evidence introduced and a modification of the decree entered, it will be found that the original decree contained a direct or implied reservation that it was not to be considered final, and that some of its terms were conditional, or subject to change at a later date.

In the case at bar, Judge Day, in entering the original decree, provided that if the wife remarried she should lose her entire monthly allowance of $175 a month, and that it should be changed to a payment solely for the support of the "minor" children. This indicated that it was not an absolute allowance in gross for no one could tell how long the wife would live to draw the monthly amount, and that the needs of the children might also be considered. The present evidence shows that the two sons are no longer minors, but are both adults and now employed, and it further appears to the court that the earnings of the former husband are much less than the $175 which he is required to pay.

It appears from the record that, from the date of the original divorce, December 12, 1924, to the date of the judgment in California, November 28, 1938, the amount which would be due under the original decree at $175 a month would be $29,319.40, and the California court found that he had paid approximately $28,319.40, in addition to which payments have been made since the California judgment was entered of $19.06, $87.50, and $160, making total payments of $28,585.96. Adding to this the home property, which was awarded to plaintiff, and was worth $10,000, makes a total of alimony the plaintiff has received of approximately $38,585.96, without considering furniture, jewelry, and other personal property given her in the original decree. For defendant to continue to pay $2,100 a year when his present commissions in writing life insur-

ance are very uncertain, and sometimes less than $100 a month, shows the absolute impossibility of his keeping up such payments.

The court cannot ignore the defendant's duty to his second wife, who is sickly and in need of medical assistance, and there is the daughter, now 12 years of age, who needs support and schooling. We are first required to consider the condition and needs of the first wife, then the facts in reference to the second wife and her daughter Patricia, and the defendant's duty, solemnly undertaken, to care for both of these wives. The present earnings of the defendant are not sufficient to keep up either home as it should be maintained, yet his present earnings must be parceled out in an equitable manner to meet the situation.

The court has reached the conclusion that the defendant must pay the balance due on the $1,000 California judgment for defaulted alimony payments, with 4 per cent. interest, and is bound to pay the defaulted payments of $175 a month up to the date of filing the petition for modification of the decree, and from that date, to wit, February 11, 1939, defendant shall pay to the plaintiff the sum of $65 a month until the further order of this court. The judgment of the trial court is hereby reversed.

REVERSED.

EBERLY, J., not participating.