Mary C. Card, appellant, v. Clyde F. Card, appellee.

116 N. W. 2d 21

Filed June 29, 1962.   No. 35230.

Robert L. Jeffrey and Richard L. Goos, for appellant.

Beynon, Hecht & Fahrnbruch, for appellee.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Spencer, Boslaugh, and Brower, JJ.

Carter, J.

Plaintiff filed a petition seeking the modification of

a divorce decree to which she was a party. The defendant demurred generally to the petition. The trial court sustained the demurrer and granted time to further plead. Plaintiff elected to stand on her petition and the trial court dismissed the action. Plaintiff has appealed to this court.

The record shows that plaintiff obtained a divorce from the defendant on November 21, 1957. Prior to that date and on October 8, 1957, the parties entered into a written property settlement agreement. The trial court approved and incorporated the terms of the property settlement into its decree. No question arises concerning the division of the property of the parties, except the award of $33,875 to the plaintiff. With reference thereto, the decree states that in addition to the real and personal property which the said Mary C. Card is to have, "Clyde F. Card shall pay to Mary C. Card as permanent alimony, the sum of $33,875.00, which sum to be payable as follows: The sum of $5,-000.00 shall be paid immediately upon the approval of this settlement by the Court and the granting of an absolute divorce. The balance of said sum shall be paid by the said Clyde F. Card to the said Mary C. Card in monthly installments of $137.50 each beginning on the first day of October, 1957, and continuing on the first day of each and every month thereafter to and including the first day of March, 1975; provided, however, that in the event of the death or the remarriage of the said Mary C. Card, all monthly payments not then paid nor due shall be forever cancelled and the said Clyde F. Card shall be wholly relieved of his obligation to make any further or other payments."

It is true that this court has condemned monthly installments as a proper method of allowing alimony without the fixing of the gross award. Such a method is not void, however. On appeal, on a trial de novo, this court has modified decrees to provide for an allowance of alimony in a fixed amount and permitted payment in in-

stallments where the financial circumstances of the husband required that this be done. See Metschke v. Metschke, 146 Neb. 461, 20 N. W. 2d 238.

The decree provided that the defendant should pay the plaintiff $33,875, said sum to be payable as follows: $5,000 upon the granting of the divorce and $137.50 each month thereafter, provided that in the event of the death or remarriage of the plaintiff the obligation of the defendant to make further installments ceased. The trial court made a division of property and in connection therewith made an allowance of a gross amount in the nature of monthly support. It is the contention of the plaintiff that the proviso terminating the monthly installments upon the death or remarriage of the plaintiff should in effect be deleted from the decree for several reasons which will be discussed hereafter.

It is contended that the proviso is against public policy. We think not. It fixes the termination date of the payments upon the total payment of $33,875, or upon the death of the plaintiff, or upon her remarriage, whichever first occurs. It is not an unreasonable restraint on marriage. It is a means of fixing the amount of alimony to be paid under the different circumstances therein set out. The decree is in the language of the property settlement agreement, which language is plain and definite, and easily understood. The parties as well as the court appear to have considered the fact that the support of plaintiff in case of remarriage devolves upon the new husband from which the prior husband should be relieved.

Plaintiff contends that she did not understand the language of the property settlement nor the similar language of the decree. As we have said, the language used was so simple and plain in meaning that we can give no credence to the contention that plaintiff did not understand exactly what it meant.

The petition asserts fraud in general terms. No facts are pleaded that even tend to support this allegation.

A demurrer does not admit conclusions of either law or fact. Dodson v. F. W. Woolworth Co., 118 Neb. 276, 224 N. W. 289. The allegations of fraud were clearly vulnerable to demurrer. Thomas v. Thomas, 33 Neb. 373, 50 N. W. 170, 29 Am. S. R. 483.

The petition alleges that the proviso of the decree relating to plaintiff's death or remarriage results in a forfeiture of her rights in the monthly payments, and are oppresive, unconscionable, and inequitable. There are no allegations of fact to support this assertion. The purpose of the provision relating to remarriage was to relieve the defendant from the support of his former wife if she should become the wife of another who would be charged with her support. We find nothing unlawful or inequitable in such a provision in a divorce decree, particularly when it is the result of a formal written property settlement. The decree has such finality that the law of res judicata applies to it and it may not be attacked collaterally after it has become final. The cases cited by the plaintiff were direct appeals and not collateral attacks as here. See, Holmes v. Holmes, 152 Neb. 556, 41 N. W. 2d 919; Swanson v. Swanson, 137 Neb. 699, 290 N. W. 908. In Young v. Young, 138 Neb. 294, 292 N. W. 923, this court stated: "A divorce decree is usually considered a final adjudication of the property rights of the parties, and may not be revised or altered after the expiration of six months from the date of its entry." See, also, Ziegenbein v. Damme, 138 Neb. 320, 292 N. W. 921.

Plaintiff contends, however, that res judicata is an affirmative defense and may not be determined on a general demurrer to plaintiff's petition. While this is ordinarily true, the rule is to the contrary when the petition sets forth the facts to which the rule of res judicata applies. Marsh-Burke Co. v. Yost, 102 Neb. 814, 170 N. W. 172; In re Estate of McCleneghan, 145 Neb. 707, 17 N. W. 2d 293.

Plaintiff claims that section 42-324, R. R. S. 1943, au-

thorizes the trial court to grant the relief here sought. This provision of the statute states in part: "* * * the court, from time to time, on the petition of either of the parties and hearing thereon, may revise and alter such decree respecting the amount of such alimony or allowance, * * *." This statute was interpreted in Graham v. Graham, 135 Neb. 761, 284 N. W. 280, as meaning that a decree of divorce is res judicata as to all matters existing at the time it was rendered. In order to secure a revision of a divorce decree having such completeness and finality as to possess the attributes of a final judgment, new facts occurring since the decree was entered must be shown. Estoppel by previous judgment extends to all matters properly before the court which the parties might have litigated, unless changed conditions are pleaded and proved. See, also, Ziegenbein v. Damme, *supra;* Young v. Young, *supra.*

Unless the foregoing rule be correct, finality in divorce decrees could never be attained. It is only where a divorce decree lacks the attributes of a final judgment, or reservations are contained in it that lay the foundation for modification, or where changed circumstances can be shown, that a divorce decree, otherwise final, may be modified after 6 months from the rendition of the decree. In the instant case the petition fails to show that any of the factors exist which would authorize a modification of the decree. The general demurrer was properly sustained and the action dismissed.

The plaintiff assigns as error the refusal of the trial court to award attorney's fees to her under the provisions of section 42-308, R. R. S. 1943. She asks us to allow attorney's fees for services rendered in the trial court and this court as well. We do not think attorney's fees should be allowed the plaintiff in this case. Defendant, so far as the record shows, has complied with the divorce decree rendered in 1957 with respect to the division of property made and the alimony allowed. Plaintiff appears to have the means to pay her own

attorney. The suit is an attempt to modify a final judgment containing a financial settlement to which she agreed. A defendant will not ordinarily be required to pay attorney's fees under such circumstances. A party to a divorce action will not ordinarily be required to pay attorney's fees to the wife for the benefit of the wife's legal counsel in a case involving a collateral and unjustified attack upon a divorce decree which has become final. See, Smallcomb v. Smallcomb, 165 Neb. 191, 84 N. W. 2d 217; Sechser v. Sechser, 162 Neb. 486, 76 N. W. 2d 412; Eicher v. Eicher, 148 Neb. 173, 26 N. W. 2d 808. The trial court properly denied plaintiff's request for the allowance of attorney's fees and they are likewise denied in this court. The costs of the appeal are taxed to plaintiff.

The judgment of the district court being correct, it is affirmed.

AFFIRMED.