JoAnn S. Kimball, appellant and cross-appellee, v. Curtis D. Kimball, appellee and cross-appellant.

424 N.W.2d 122

Filed June 3, 1988.    No. 86-409.

C. Russell Mattson of Mattson, Ricketts, Davies, Stewart & Calkins, for appellant.

Richard A. Vestecka of Vestecka, Tegtmeier & Buethe, for appellee.

Boslaugh, White, and Shanahan, JJ., and Gitnick and Garden, D. JJ.

Per Curiam.

The parties were married in 1948, and the marriage was dissolved on December 1, 1975. The parties had four children, one of whom was 16 years of age at the time of the decree. The decree awarded custody of the minor child to the petitioner, JoAnn S. Kimball, with child support in the amount of $200 per month until majority. The decree also awarded alimony to the petitioner in the amount of $100 per month for 14 months, and then $500 per month until death or remarriage of the petitioner. Additional alimony at the rate of $200 per month was awarded until May 30, 1980, provided one of the sons of the parties continued his college education. The alimony was subject to the further order of the court and subject to review at the end of 15 years or at the time either party made application for adjustment of property rights.

The parties entered into a property settlement agreement which provided for the distribution of the then-existing property of the parties, and which was referred to as a "current property settlement." The agreement also contained the

following provision:

> It is understood and agreed by the parties that the Court may take a reservation of the property rights of the parties for review by the Court at a later date upon application by the Petitioner in the event the financial condition of Respondent materially changes for the better.

The property settlement agreement was approved by the trial court and was incorporated in the decree by reference and by attachment of a copy of the agreement to the decree. Paragraph (e) of the decree also provided that "the Court hereby takes a reservation of the property rights of the parties for review by the Court at a later date upon the application of the Petitioner in the event the financial condition of Respondent materially changes for the better . . . ."

The evidence shows that the petitioner inherited more than $400,000 during the marriage and that a part of her inheritance was spent on the family home and for the support of the family. At the time of the decree the respondent, Curtis D. Kimball, had a negative net worth.

In 1982 the respondent's father died, and he inherited in excess of $500,000.

On June 5, 1985, the petitioner filed an amended application for review of property rights, reciting the agreed-upon reservation of property rights provision and alleging that since the date of the decree, the financial condition of the respondent had materially changed for the better due to an inheritance from the respondent's deceased father in an amount in excess of $500,000. A responsive pleading filed by the respondent, consisting of 29 paragraphs, included a general denial of the allegations contained in the amended application. The respondent also filed a cross-petition, which alleged that he had provided direct support and education expenses for a son and daughter in excess of that which was required by the divorce decree, and which requested that the court find, by reason of these expenditures, he had discharged any obligation he may have had for child support and additional alimony under the terms of the decree.

The trial court dismissed both the petitioner's application for review and the respondent's cross-petition. The trial court

found that the decree of dissolution dated December 1, 1975, was a final order, was not appealed, and was binding upon the parties; that due to the fact the petitioner had expended substantial sums from her inheritance during the marriage and there were insufficient funds to reimburse her for those sums, the parties had agreed that the court should reserve the right to review the property rights of the parties upon the application of the petitioner, and that the court did in fact reserve that right; that having entered into such an agreement, neither party was in a position to challenge that reservation of power and was estopped from doing so, and that each party had accepted the December 1, 1975, decree and could no longer attack its terms; that it was inherent in the court's approval of the property settlement agreement that the court had found the property settlement fair and reasonable and not unconscionable; that the respondent's financial condition had materially changed, due to an inheritance received from his father, but there was no evidence that at the time of the property settlement the parties contemplated that an inheritance would be considered a material change in the respondent's financial condition and that, generally, inheritances, if they can be identified, are set off to the party receiving them and cannot be considered as marital property; that the cross-petition was totally without merit; that the issue of alimony was not an issue before the court; and that nothing in the order should be construed as denying the petitioner the right to seek increased alimony if the circumstances should warrant it.

The petitioner has appealed. The six errors which have been assigned can be consolidated into whether the district court erred in refusing to find that she was entitled to share in the respondent's inheritance pursuant to the terms of the reservation in the property rights agreement and decree.

We review the trial court's judgment de novo on the record to determine whether there was an abuse of discretion by the trial court, whose judgment will be upheld in the absence of an abuse of discretion. *Frost v. Frost*, 227 Neb. 414, 418 N.W.2d 220 (1988).

The petitioner relies upon *Card v. Card*, 174 Neb. 124, 116 N.W.2d 21 (1962), in which this court said:

A divorce decree is ordinarily considered a final adjudication of the property rights of the parties, and may not be modified after 6 months from its rendition except when it lacks the attributes of a final judgment, *where reservations are contained in it which lay the foundation for a modification*, or where changed circumstances can be shown.

(Emphasis supplied.) (Syllabus of the court.)

The respondent relies upon *Humphrey v. Humphrey*, 215 Neb. 664, 340 N.W.2d 381 (1983), and *Gerber v. Gerber*, 218 Neb. 228, 353 N.W.2d 4 (1984).

The practice of leaving matters of alimony, child support, and property distribution unresolved after a decree of divorce was discussed in *Humphrey v. Humphrey, supra.*

In *Humphrey*, the petitioner filed for dissolution in December 1980. The case was tried in May and June 1981, at the conclusion of which the court found the marriage irretrievably broken and dissolved the marriage, but took the issues of property division, alimony, fees, etc., under advisement. In July 1982, the court made a property division between the parties. At a hearing on a motion for new trial in August 1982, the court amended the property division. On September 14, 1982, the court signed a decree dissolving the marriage and disposing of the property of the parties.

In the *Humphrey* case we said at 666-67, 340 N.W.2d at 383:

[T]he practice of bifurcating a dissolution of marriage case in any manner, and with any timelag, is expressly disapproved by this court. . . . It serves no interest of any party to dissolve the marriage itself without simultaneously determining all property rights of the married parties. . . .

. . . Whatever personal convenience a court may confer on parties by granting an immediate dissolution while retaining property jurisdiction cannot be worth the difficulties and problems to which the trial court is exposing the litigants. The litigants deserve better.

In *Gerber v. Gerber, supra*, we not only reaffirmed the disapproval of bifurcated trials, but held that if any substantial rights of the parties remain undetermined and the cause is

retained for further action, the order, including the dissolution of the marriage, is interlocutory and not final.

In *Gerber*, the trial on the petition for dissolution was held in November 1982. At that time the trial court orally stated that the marriage was irretrievably broken and was dissolved and that the temporary orders concerning child custody, visitation, support, and an injunction prohibiting the parties from disposing of any property were to continue in effect. In September 1983, the trial court made a determination of property rights, but did not dispose of the issues of custody and support. On September 23, 1983, the respondent filed a notice of appeal from the decision on August 29, 1983, denying the motion for change of custody and contempt citation, and from the order of September 6, 1983, ordering property division and child support.

On appeal we ordered the trial court to "determine all issues between these parties and to make findings and orders as to *all* issues between these litigants," and dismissed the appeal. (Emphasis in original.) 218 Neb. at 231, 353 N.W.2d at 6. *Gerber* held that all issues incident to the dissolution must be determined at the time of the dissolution, and a failure to do so prevents the decree of dissolution from becoming a final order.

The effect of the decisions in the *Humphrey* and *Gerber* cases was to require that all issues between the parties be determined at the time of the dissolution and to invalidate any attempt to retain jurisdiction to modify the division of property at a future date. Accordingly, the "reservation of the property rights of the parties for review by the Court at a later date" was of no effect, and the petitioner could not obtain an additional award of property from the respondent by the application filed in 1985.

It is unnecessary to consider any of the other issues raised by the parties.

The judgment of the district court is affirmed.

AFFIRMED.

BOSLAUGH, J., concurs in the result.