The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Christy L. McDONALD, Defendant–Appellant.

No. 98CA2037.

Colorado Court of Appeals, Div. I.

June 8, 2000.

Certiorari Denied Jan. 16, 2001.

Ken Salazar, Attorney General, Cynthia A. Greenfield, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

John L. Maska, Colorado Springs, Colorado, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, Christy L. McDonald, appeals the judgment of conviction entered on a jury verdict finding her guilty of theft. We reverse the judgment and remand for a new trial.

Defendant is a registered nurse who was employed by a hospital in Colorado Springs, Colorado. Hospital administrators, concerned that defendant might be misrepresenting her hours worked in order to receive pay for work not performed, audited their records. The audit revealed significant discrepancies, and a complaint was filed with the District Attorney. Defendant was charged with theft of more than $15,000, § 18–4–401, C.R.S.1999, a class three felony. The prosecutor filed a bill of particulars which specified that defendant had committed the crime by submitting fraudulent time and attendance reports claiming pay for hours she did not work. The bill of particulars then listed several hundred dates between March 1, 1992, and January 7, 1995, when defendant allegedly submitted the false claims.

Most of the prosecution's evidence was presented through the testimony of a hospital employee who audited voluminous hospital records and compiled summaries of these records. This witness testified concerning her audit, and over defendant's objection, the summaries of the records were admitted into evidence pursuant to CRE 1006. After a jury trial, defendant was convicted of the lesser included offense of theft of more than $400 but less than $15,000, § 18–4–401, C.R.S.1999, a class four felony.

Defendant argues that, because the original records were not made available to her prior to trial, the court erred in admitting summaries of those records into evidence. We agree.

The records at issue here are voluminous hospital records relating to services provided to patients in the hospital over a period of approximately three years. These records were not in the possession of the prosecutor.

Summaries of these records were admitted pursuant to CRE 1006, which states:

The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals or duplicates, shall be made available for examination or copying, or both, by other parties at rea-

sonable time and place. The court may order that they be produced in court.

Here, defendant filed a motion to compel access to hospital records which the prosecutor intended to introduce in evidence in summary form. The prosecutor agreed that defendant should have access to the records although the prosecutor had not previously had access to the records. The hospital also agreed, but, because of privacy law considerations, required that patient names be redacted before the prosecution or the defendant had access to the records. Defendant did not challenge the hospital's position. The court ordered that defendant could have access to the records with the patient names redacted. It also ordered that defendant would be responsible for the costs of redacting and copying the records. The record on appeal does not reflect the actual cost of redacting the records, but it is not disputed that it was substantial. The defendant did not examine the records prior to trial, and the records were not made available during trial.

Defendant contends that the records were not made available as required by CRE 1006. She argues that the prosecution had the burden to pay the costs of redaction in order to make the records "available for examination or copying" as required by CRE 1006. She does not challenge that part of the order requiring her to pay the cost of copying nor the requirement that she examine the records at the hospital. We agree with defendant's contentions.

■ Pursuant to CRE 1006, it is a condition precedent to the admissibility of summaries of voluminous records that the original or copies be made available for examination by the other party at a reasonable time and place. The underlying documents must be made available sufficiently in advance of the use of the summary to allow the opposing party to prepare for cross-examination. If the records are so voluminous as to require compilation of a summary, production of the records during trial does not satisfy the proponent's duty to make them available at a reasonable time and place. *International Technical*

*Instruments, Inc. v. Engineering Measurements Co.*, 678 P.2d 558 (Colo.App.1983).

■ The proponent of the summary evidence must (1) identify the documents underlying the summary and show them to be voluminous, (2) establish that the underlying documents are otherwise admissible evidence, (3) provide the other party a copy of the summary in advance of its use, and (4) provide "the opposing party with a reasonable time and place for examination of the available documents underlying such summary." *Crowder v. Aurora Co-op. Elevator Co.*, 223 Neb. 704, 718, 393 N.W.2d 250, 260 (1986)(applying a rule of evidence similar to CRE 1006).

■ The opposing party is entitled to examine the records from which the summary was prepared even if that party fails to seek the records through the discovery process. *International Technical Instruments, Inc. v. Engineering Measurements Co., supra.* However, the rule does not require that the records be delivered to the opposing party, provided the records are made available at a reasonable time and place. *Zayre Corp. v. S.M. & R. Co.*, 882 F.2d 1145 (7th Cir.1989).

■ By permitting the admission of summaries into evidence, CRE 1006 relieves the proponent of voluminous evidence from the burden of introducing each individual part of the voluminous record. However, in order to utilize this rule, the proponent must provide the opposing party an opportunity to examine the records from which the summaries were taken. If the content of records is such that an opposing party cannot examine them, the records cannot be said to be available. Therefore, if the records can only be examined after redaction of certain portions, then the proponent must be responsible for that process. This is part of the proponent's burden of making the records available to the opposing party.

■ Here, it is undisputed that patient confidentiality laws required redaction before the records could be examined or copied by any person other than hospital employees. It is also undisputed that the prosecution did not cause the redaction to be done so that

the records could be examined by the defendant.

Accordingly, we hold that CRE 1006 required the prosecution to be responsible for redacting the patient names so the underlying records could be available for examination and copying by the defendant. The court erred in placing that burden on the defendant.

■ This summary evidence constituted the majority of the prosecution's proof in this case, and its admission without proper foundation was prejudicial error. *See* CRE 103(a). It deprived the defendant of an adequate opportunity to challenge the accuracy of the summaries and to cross-examine the witness who presented the evidence. Therefore, the judgment must be reversed and the cause remanded for a new trial.

Because we have determined that a new trial is required, we do not consider defendant's other contentions.

We reverse the judgment and remand the cause for a new trial.

Judge METZGER and Judge RULAND concur.