IRENE M. HARVEY, APPELLANT, V.
RANDY C. HARVEY, APPELLEE.
707 N.W.2d 444

Filed December 27, 2005.  No. A-04-846.

Michael E. Piccolo, of Dawson & Piccolo, for appellant.

James C. Bocott, of McCarthy, Moore & Hall, for appellee.

IRWIN and SIEVERS, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Irene M. Harvey appeals from the order of the district court for Lincoln County which denied the parties' motions for new trial after their marriage was dissolved. Irene challenges the district court's distribution of property and award of alimony in the decree of dissolution. We conclude that the district court's distribution of property is a conditional judgment, the impact of which is speculative. As a result, the dissolution decree entered by the district court fails to determine substantial rights of the parties concerning the distribution of marital property and is not a final order for the purpose of appeal. The appeal is dismissed, and the case is remanded with directions.

## II. BACKGROUND

Irene and Randy C. Harvey were married on December 30, 1970. Irene filed a petition for dissolution of the marriage on

August 14, 2003. Randy filed an answer on August 22. The district court entered a decree on June 2, 2004.

In the decree, the district court purported to distribute the marital property and debts, ordered Randy to pay alimony, and ordered Randy to pay an attorney fee on Irene's behalf. Relevant to our resolution of this appeal is the district court's purported distribution of the marital home, the primary asset of the parties. With respect to the home, the court decreed as follows:

> The Court finds that the home of the parties . . . should be awarded to [Randy] if he is able to obtain refinancing in his name only and remove [Irene's] name from the mortgage and second mortgage upon the property. If he is unable to do so within 60 days, the Court finds that the property should be sold, and any proceeds remaining after the costs of sale should be divided equally, and any liabilities due and owing after the costs of sale should be divided equally. The Court finds that the value of the property is the sum of $197,400 which is the market analysis less a realtor's fee. Based on that, the Court finds that [Randy] should pay to [Irene] the sum of $6,200 as her interest in the property for the equity remaining. Should [Randy] elect not to take the property, it shall be sold as setout [sic] above.

Irene filed a motion for new trial on June 8, 2004. Randy filed a similar request on June 14. The district court entered an order denying the requests for new trial on June 22. This appeal followed.

## III. ASSIGNMENTS OF ERROR

Irene has assigned six errors, including five that concern the district court's purported distribution of the marital home and one that concerns the district court's alimony award.

## IV. ANALYSIS

All of the assignments of error presented in this appeal relate to the district court's distribution of the marital home. As noted above, Irene has made several assignments of error which specifically challenge the court's purported award of the home to Randy, and she has also assigned an error concerning the alimony award, which award the district court specifically based in part on "the house payment" which Randy might have assumed

under the court's purported distribution of the home. We conclude that the district court's purported distribution of the marital home is a conditional order because it leaves to speculation and conjecture what its final effect may be; the order fails to resolve the substantial rights of the parties concerning the marital property and is not a final, appealable order.

In Nebraska, a judgment is the final determination of the rights of the parties in an action. Neb. Rev. Stat. § 25-1301(1) (Cum. Supp. 2004). However, if a judgment looks to the future in an attempt to judge the unknown, it is a conditional judgment. *Vogel v. Vogel*, 262 Neb. 1030, 637 N.W.2d 611 (2002); *Simons v. Simons*, 261 Neb. 570, 624 N.W.2d 36 (2001). A conditional judgment is wholly void because it does not "perform in praesenti" and leaves to speculation and conjecture what its final effect may be. *Vogel v. Vogel, supra.*

The district court's purported distribution of the marital home is a conditional order because it does not "perform in praesenti" and leaves to speculation and conjecture what its final effect will be. The effect of the order on the net distribution of property depends entirely on whether Randy is able to obtain refinancing in his name only or is either forced or elects to attempt to sell the home. If Randy obtains the requisite refinancing, the order appears to determine the value of the home and Irene's share of the equity; however, if the home is to be sold, whatever unknown amount of equity there might be in the sale proceeds is to be divided "equally." At the present time, there is no way for this court to know what amount Irene is to receive or what effect the order will ultimately have.

The Nebraska Supreme Court has said: "[I]f any substantial rights of the parties remain undetermined and the cause is retained for further action, the order, including the dissolution of the marriage, is interlocutory and not final." *Kimball v. Kimball*, 228 Neb. 702, 705-06, 424 N.W.2d 122, 125 (1988). In the instant case, the district court's order fails to finally resolve the property distribution because it fails to finally distribute the marital home. After the decree was entered, and after a notice of appeal was already filed, a substantial number of motions and orders were filed by the parties with the court concerning the home. We believe that these filings further illustrate

the fact that the court's purported distribution of the home left to speculation and conjecture what its effect would be.

On August 20, 2004, Randy filed for an extension of time within which to secure refinancing, asking the court for an additional 60 days. On August 25, Irene objected to Randy's request for an extension. On August 27, Randy's attorney filed an affidavit attesting to Randy's attempts to refinance. Also on August 27, the district court entered an order finding that the home "may be lost if no action is taken by the Court" and granting Randy's request for an additional 60 days to complete refinancing.

On September 24, 2004, Randy filed a request for the court to compel Irene to execute a quitclaim deed. Randy alleged that he had proffered to Irene her interest in the home, but that she had rejected the money proffered. On October 4, the district court ordered Irene to execute the quitclaim deed. On October 13, Irene filed a motion asking the court to reconsider. On November 2, Irene filed a request for approval to have the home listed for sale. On November 9, the district court entered an order granting Irene's request, but specifically indicating that if Randy "receives financing on the [marital] home within twenty days, the marital home shall not be listed for sale."

Based on the record presented, it is apparent that the effect of the purported distribution of the home in the June 2, 2004, decree is left to speculation and conjecture. Not only does the plain language of the decree leave uncertain what amount Irene will ultimately be entitled to as a share of the home, but the subsequent actions of the parties and the court thoroughly demonstrate the uncertainty of the provision's effect. The court continued to enter further orders concerning the marital home, and even the last such order contained in the transcript presented to this court purports to order one course of action, listing the home for sale, but makes the action contingent on the uncertain occurrence of another event, Randy's failure to secure refinancing within another 20 days.

The substantial rights of the parties concerning their property distribution remain undetermined. The district court has continued to take further action concerning this property distribution. Further, the district court's alimony award was premised specifically on the uncertain outcome of the purported distribution of

the home. As such, substantial rights of the parties remain undetermined, the case has been retained for further action, and the order is interlocutory and not final. See *Gerber v. Gerber*, 218 Neb. 228, 353 N.W.2d 4 (1984). There being no final order, the appeal must be dismissed. See *id.*

## V. CONCLUSION

The appeal is ordered dismissed because the district court's purported distribution of the marital home was a conditional order and was not a final resolution of the substantial rights of the parties. The district court is ordered to, within 5 days of the entry of the mandate from this court, determine all issues between these parties and make findings and orders as to all issues between them. See *id.*

APPEAL DISMISSED, AND CAUSE REMANDED WITH DIRECTIONS.

CARLSON, Judge, participating on briefs.