DONALD J. MANGAN, APPELLANT, V. CLARENCE L. LANDEN, JR.,
ET AL., APPELLEES.

365 N.W.2d 453

Filed April 5, 1985.   No. 84-078.

Bruce G. Mason of Ross & Mason, P.C., for appellant.

Michael A. Nelsen of Schmid, Ford, Mooney & Frederick, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

Donald J. Mangan appeals from an order entered by the district court for Douglas County, Nebraska, sustaining a motion for summary judgment filed by the appellees, Clarence L. Landen, Jr., and Security National Bank. In sustaining the appellees' motion for summary judgment, the district court dismissed Mangan's petition. We affirm.

Little purpose will be served in this appeal by attempting to describe Mangan's alleged cause of action in any great detail. When the conclusory statements pled by Mangan are ignored, as they must be, see *Timmerman v. Hertz*, 195 Neb. 237, 238 N.W.2d 220 (1976), and *Johnson v. American Smelting & Refining Co.*, 80 Neb. 255, 116 N.W. 517 (1907), one is hard pressed to describe the nature of the claim. It is, however, based upon a written agreement entered into by and between Mangan and Landen under date of March 6, 1978.

Mangan claims that Landen occupied a fiduciary, confidential position of trust with regard to Mangan even though Landen was the purchaser in an arm's-length transaction between Mangan and Landen. We are not favored with any citation of authority to support that position. However, for reasons which we point out in a moment, we need not consider the theory of liability, whatever it may be.

Setting aside all of the chaff contained in the petition and amended petitions filed in this case, it appears that Mangan's claim against Landen is to the effect that Landen should have included in the contract of March 6, 1978, a provision indemnifying Mangan from all personal liabilities incurred by Mangan in connection with two businesses, Sam's Corporation and Northwest Real Estate Company, Ltd., which were being purchased by Landen from Mangan. In fact, the contract contained an agreement to indemnify Mangan as to only one of the businesses. Mangan then alleges that because he relied upon the alleged confidential relationship between himself and Landen, he did not discover the absence of that provision in the contract until 1980, when he was sued by a creditor. The petition does not allege facts explaining why he could not discover the absence of a second indemnity provision, but only that he did not make the discovery.

We believe that we may quickly dispose of this matter on the basis that the action, if any ever existed, an issue we do not determine, was barred by the statute of limitations prior to the time the petition was filed.

Whether one concludes that the cause of action concocted by Mangan sounds in tort and is therefore covered by the provisions of Neb. Rev. Stat. § 25-207 (Reissue 1979) or more appropriately falls within the provisions of Neb. Rev. Stat. § 25-212 (Reissue 1979) for the reason that it is an action not otherwise specified, it is clear that, absent some reason to toll the statute of limitations, any action relying on a contract entered into by the parties on March 6, 1978, must be filed within 4 years from that date. The instant action was filed on February 4, 1983, which was more than 4 years from the date on which the contract was executed.

Mangan concedes that if the statute of limitations is not tolled, the cause of action in this case is out of time. He maintains, however, that because of some claim of fraud, he was unable to discover the fact that the contract did not contain the indemnity provision which he was led to believe was included in the contract. That does not constitute grounds for tolling the statute of limitations. As we observed in the case of *Interholzinger v. Estate of Dent*, 214 Neb. 264, 270, 333

N.W.2d 895, 899 (1983):

> [T]he point at which a statute of limitations commences to run must be determined from the facts of each case; a cause of action accrues, and the statute of limitations begins to run, when the aggrieved party has the right to institute and maintain suit, even though such plaintiff may be ignorant of the existence of the cause of action.

See, also, *Jones v. Johnson v. Pullen*, 207 Neb. 706, 300 N.W.2d 816 (1981); *T. S. McShane Co., Inc. v. Dominion Constr. Co.*, 203 Neb. 318, 278 N.W.2d 596 (1979).

Furthermore, we have held that one who signs an instrument without reading it, when he can read and has the opportunity to do so, cannot avoid the effect of his signature merely because he was not informed of the contents of the instrument. See, *Erftmier v. Eickhoff*, 210 Neb. 726, 316 N.W.2d 754 (1982); *Commodity Traders, Inc. v. Palmer*, 203 Neb. 667, 280 N.W.2d 49 (1979). And in *Lee v. Brodbeck*, 196 Neb. 393, 397-98, 243 N.W.2d 331, 334 (1976), we said:

> If the fraud or mistake ought to have been discovered, the statute will run from the time such discovery ought to have been made. Burchmore v. Byllesby & Co., 140 Neb. 603, 1 N.W.2d 327 (1941). To avoid the statute of limitations for fraud, plaintiff must plead and prove the impediments to an earlier prosecution of the claim, all facts which relate to or explain the failure to prosecute, and when he first obtained knowledge of the fraud. Reed v. Barnes, 113 Neb. 414, 203 N.W. 567 (1925).

This Mangan has failed to do. The contract entered into between Landen and Mangan clearly recited what it was that Landen agreed to indemnify Mangan against. Paragraph 6 of the contract provides: "Landen does hereby indemnify Donald J. Mangan and Donna J. Mangan and Wilton C. Stibbs, Jr. and Barbara F. Stibbs against loss resulting on account of any *Sam's corporation liabilities* on which said Mangans and Stibbs have given *personal guarantees* . . . ." (Emphasis supplied.) Mangan's claim against Landen is that the agreement should have contained an additional paragraph similar to paragraph 6, in which Landen agreed to indemnify Mangan against loss resulting on account of any personal guarantees given by

Mangan on behalf of Northwest Real Estate Company. One with but minimal amount of education and the ability to read the English language could have discovered at once that the indemnity provision contained in the contract of March 6, 1978, did not include an indemnity provision with regard to Northwest Real Estate Company. It is clear that the agreement only indemnified Mangan with regard to liabilities incurred in connection with Sam's Corporation. Paragraph 5 of the contract specifically referred to Landen's purchase of Mangan's interest in Northwest Real Estate Company. Yet the very next paragraph makes no mention of Northwest Real Estate Company when setting out the indemnity agreement between the parties. How Mangan can therefore assert that he did not know, could not know, and could not discover that such promise of indemnity was not included in the contract is beyond the court's comprehension. The cause of action, if any, occurred on the date of the execution of the agreement, March 6, 1978, and any action filed more than 4 years thereafter was barred by the statute of limitations. For that reason the decision of the district court in sustaining the motion for summary judgment and dismissing the plaintiff's petition is affirmed.

AFFIRMED.

CAPORALE, J., not participating.