**Russell L. STREETMAN,**
**Plaintiff–Appellant,**

v.

**Lt. Gary JORDAN, etc. et al.,**
**Defendants–Appellees.**

**No. 90–1148.**

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1990.

Rehearing Denied Jan. 4, 1991.

Douglas R. Larson, Mesquite, Tex., for plaintiff-appellant.

James C. Henderson, Ronald H. Clark, Henderson, Bryant & Wolfe, Sherman, Tex., for Jordan, et al.

James Ludlum, Ludlum & Ludlum, Austin, Tex., for Williams, et al.

Before GOLDBERG, KING, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

The appellant Russell Streetman challenges the district court's dismissal of his section 1983 action, arguing that the munic-

ipal and county defendants are not entitled to qualified immunity. Finding no error, we affirm.

### Facts and Proceedings In the District Court

Streetman's home was entered by municipal and county law enforcement officers pursuant to a facially valid search warrant. The warrant was secured by Lt. Jordan, who based his probable cause affidavit on information obtained from a confidential informant. The warrant disclosed that Jordan had probable cause to believe that "usable amounts" of cocaine and crystal would be found in Streetman's home.

The pleadings disclose that when the officers entered Streetman's home, he was emerging from the shower wrapped in a towel. The officers pointed their weapons at him, forcefully announced their intention to search his home, and made him lie naked on the floor. They initially denied his repeated request that he be allowed to put on some clothes, but they later acquiesced. The search of Streetman's home failed to produce any cocaine or crystal, but did produce a canister containing some marijuana seeds, a weapon with a serial number removed, a hypodermic syringe with traces of an unknown substance, and various pieces of electronics equipment purportedly matching the description of some stolen items. The officers also discovered an allegedly stolen phone booth and some Texas Department of Highways road signs in Streetman's yard.

■ The appellant was arrested and indicted for possession of the phone booth, but this prosecution was later dismissed for insufficient evidence. The appellant filed this section 1983 suit against the various municipal and county officers involved in the search. The district court dismissed all defendants in three subsequent orders, granting summary judgment on the basis of qualified immunity. Streetman filed a notice of appeal, which this court dismissed for failure to specify the orders he was appealing and against which parties the appeal was lodged. We address the merits of Streetman's second notice of appeal, which correctly identifies the order appealed.[1]

### Qualified Immunity: A Pleading Problem

■ Qualified immunity cloaks a police officer from personal liability for discretionary acts which do not violate well-established law. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A constitutional right must be implicated, and "the contours of the right must be sufficiently clear that a reasonable official would understand that what he's doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). With specific regard to search warrants, the Supreme Court has held that an officer "will not be immune if, on an objective basis, it is obvious that no reasonably competent officer could have concluded that a warrant should issue." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).

■ Because the doctrine is intended to shield officers from the disruptions accompanying a lawsuit, "questions regarding qualified immunity are resolved on the face of the pleadings with limited resort to pretrial discovery." *James v. Sadler,* 909 F.2d 834, 838 (5th Cir.1990) (citations omitted). See also, *Geter v. Fortenberry,* 849 F.2d 1550 (5th Cir.1988). Accordingly, a

---

**1.** As the appellees correctly note, this second notice still fails to specify against which parties Streetman takes his appeal. Relying on *City of Baton Rouge v. United States Envtl. Protection Agency,* 620 F.2d 478 (5th Cir.1980), the appellees argue that this is a jurisdictional defect which compels this court to dismiss the appeal. We disagree. The requirements for a notice of appeal, prerequisites to appellate jurisdiction, are provided in Fed.Rule App.Pro. 3(c). This rule requires that a notice of appeal "shall speci-

fy the party or parties taking the appeal; shall designate the ... order appealed from; and shall name the court to which the appeal is taken." Rule 3(c) contains no requirement that a notice of appeal designate the intended appellees. The request by the previous panel of this court that the appellees be designated does not constitute a jurisdictional requirement, and the failure of the appellant to comply with that request does not deprive this court of jurisdiction.

section 1983 plaintiff must comply with heightened pleading requirements and state with "factual detail and particularity the basis of his claim...." *Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir.1985). Mere conclusory allegations and bold assertions are insufficient to meet this heightened standard. *Id.* at 1482.[2] We find that Streetman's pleadings, replete with such conclusory statements, do not defeat the officers' qualified immunity defense.

■ Although Streetman's pleadings contain much factual detail about the officers' conduct during the search, these facts do not support a cause of action under section 1983.[3] Noticeably absent are the facts supporting his *actionable* claims. For example, Streetman alleges that Lt. Jordan "relied" on information from a fictitious confidential informant and falsified the statements in his probable cause affidavit. However, we have only Streetman's bold assertion that the informant did not exist.[4] Streetman also submits that he was the victim of a conspiracy directed against him by the appellees. Although he concedes that "bald allegations that a conspiracy exist[s] are insufficient," *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987) (citations omitted) his pleadings disclose only conclusory allegations. Other allegations, such as "... [the] affidavit ... fails to establish probable cause for the search" and "... the defendants ... acted willfully, knowingly, and purposefully with the specific intent to deprive [Streetman] of his [rights] ..." similarly cannot overcome the immunity defense.

*Conclusion*

Because we conclude that the appellant failed to meet the heightened pleading standards required in this circuit, we find that the district court properly granted summary judgment on the basis of qualified immunity as to all defendants. The judgment of the district court is

AFFIRMED.

2. This court is not unsympathetic to the dilemma the contours of this doctrine create for some § 1983 plaintiffs. Because the doctrine prevents them from seeking discovery, they frequently cannot collect sufficient facts to defeat the defense at the pleadings stage. In a persuasive concurring opinion to *Elliott*, Judge Higginbotham recognized these conflicting interests, and reluctantly concluded that "denial of some meritorious claims is the direct product of the immunity doctrine which weighed these losses when it struck the policy balance." *Elliott*, 751 F.2d at 1483 (Higginbotham, concurring).

3. For example, Streetman complains that the officers wrongfully confiscated some of his electronics equipment, left food on his table to

spoil, and neglected to turn off his lights and lock his door when they left his home. Any injury suffered by Streetman as a result of this negligent conduct is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 334, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986).

4. In the context of a criminal prosecution, the Supreme Court has required defendants to present "allegations of deliberate falsehood or reckless disregard for the truth" before rebutting the presumption of validity afforded a probable cause affidavit. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978). Because Streetman fails to allege any facts to which the *Franks* test may be applied, we need not address the applicability of that holding to this civil action.