IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

ANDERSON V. KELLER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

SCOTT R. ANDERSON, APPELLANT,

V.

KIMBERLY K. KELLER, NOW KNOWN AS KIMBERLY K. GARRISON, APPELLEE.

Filed March 31, 2020.    No. A-19-731.

Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge. Reversed and remanded for further proceedings.

Radley E. Clemens for appellant.

Krisanne C. Weimer, of Weimer Law, P.C., for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

## INTRODUCTION

Scott R. Anderson brought an action against Kimberly K. Keller, now known as Kimberly K. Garrison, seeking to modify custody of their minor child. The Douglas County District Court granted Kimberly's motion to dismiss. Because we find that Scott was denied due process, we reverse and remand for further proceedings.

## BACKGROUND

The record before us contains no bill of exceptions. Therefore, all information comes from the transcripts provided to this court on appeal.

Although not in the record before us, the parties were apparently subject to a February 2009 paternity decree and parenting plan regarding their minor child (born in 2007) wherein Kimberly

- 1 -

was awarded sole custody, subject to Scott's parenting time. The parenting time Scott was to receive is not specified in our record.

On December 14, 2015, Scott filed an application for modification, alleging that there had been a material change in circumstances since the paternity decree was entered in February 2009. Scott alleged that since the decree: he had consistently exercised parenting time in excess of what was set forth in the parenting plan; the parties had never followed the holiday parenting plan; and Kimberly failed to allow him to have telephone access to their child. Scott alleged it would be in the child's best interests for the parties to have joint legal and physical custody.

In a temporary order filed on February 27, 2017, the district court noted that Scott had filed an application for modification on December 14, 2015, and that Kimberly filed a "Cross-Complaint" for modification on February 23, 2016 (Kimberly's pleading is not in our record, nor was it requested in a praecipe). The court also stated that the matter came before it on Kimberly's motion for temporary order (neither Kimberly's pleading nor a bill of exceptions from this hearing appear in our record, nor were they requested in a praecipe). The court stated that "[u]ntil further order of the Court," Scott was to have parenting time with the parties' child 4 hours every Sunday, with such parenting time to be supervised by a specified neutral third party. The court ordered that the parties' child be enrolled in therapy with a specified provider, and that the parties cooperate with and follow all recommendations made by the therapist. The parties were also ordered to enroll in family therapy with a specified provider (different than the child's therapist), and to cooperate with and follow all recommendations made by the therapist. "Until further order of the Court," Scott was not to have "voice or text phone access" to the child. A status hearing was set for March 23, 2017, "to determine the progress of therapy and [Scott's] parenting time."

The district court's order filed on April 11, 2017, states that a status hearing was held on March 23 (no bill of exceptions for this hearing appears in our record, nor was one requested in a praecipe). The court found and ordered that Scott's parenting time as set forth in its prior February 27 order was to be "suspended until the minor child's therapist . . . advises that unsupervised parenting time is appropriate." "In the meantime, parenting time shall be supervised in the manner determined" by the child's counselor and the family counselor, and "[t]he counselors shall set all parameters for the visits." A further status hearing was scheduled for May 15. (We note that no bill of exceptions or order relating to a hearing on May 15 appear in our record, nor were they requested in a praecipe.)

On August 10, 2017, Scott filed a motion for removal of counselors, seeking to remove both the child's counselor and the family counselor. Scott alleged that on July 20 he requested update reports pursuant to the district court's temporary order dated April 11, and that after additional requests on August 1, both counselors failed to file any reports with him or the court. He asked the court to remove both counselors, and to substitute a new named clinical psychologist. He also sought "returned normalization of visitation" with his child. The notice of hearing at the bottom of Scott's motion stated that a hearing was scheduled for September 18. (We note that no bill of exceptions or order relating to a hearing on September 18 appear in our record, nor were they requested in a praecipe.)

In an order filed on December 20, 2017, the district court stated that a hearing was held on December 18 regarding Scott's motion for holiday visitation (neither Scott's pleading nor a bill of exceptions from this hearing appear in our record, nor were they requested in a praecipe). The district court "overruled and denied" Scott's motion.

On March 26, 2018, Scott filed a motion for review and normalization of custody. He "move[d] the court for an order granting [him] a Review of Counselor's actions & time-tables; as well as custodial normalizaiont [sic], pursuant to normal Wilson v. Wilson visitation" because (1) the child had not received "full visitation" with him since January 2017, and it would be in the child's best interests to "resume normal custodial relations," and (2) he had been denied normal visitation since January 2017 and "the counselors . . . [had] failed to file a time-schedule, pursuant to the Court's Temporary instructions in Dec. of 2017." The notice of hearing at the bottom of Scott's motion stated that a hearing was scheduled for April 26, 2018. However, on Kimberly's motion, the matter was continued to May 16.

In an order filed on June 18, 2018, the district court stated that a hearing was held on May 16 regarding Scott's motion to resume his parenting time (no bill of exceptions from this hearing appears in our record, nor was it requested in a praecipe). The district court found and ordered: Scott's parenting time as set forth in the prior order dated April 11, 2017, "shall continue to be suspended and supervised until the minor child's therapist . . . advises that unsupervised parenting time is appropriate," "[i]n the meantime, parenting time shall be supervised in the manner determined by" the child's therapist and the family counselor; "the minor child shall not take her cellular phone into the therapy sessions and [Kimberly] shall not email or text the child during therapy sessions"; Scott "shall be allowed to attend public events such as games or school events for the minor child but shall not act in a manner that disrupts the child or her events," and "[i]n the event it becomes a problem for the child, this shall be discussed in therapy and appropriate boundaries established"; the minor child shall continue to see her therapist and the parties shall follow all recommendations made by the therapist in regard to the minor child and family therapy; and Scott and the minor child shall continue in therapy with the family therapist, and follow her recommendations including any ideas for parenting time.

On August 27, 2018, Scott filed a motion for visitation, alleging that he was denied visitation at the child's summer activities "due to information provided by [Kimberly]," regarding dates of such activities. Accordingly, Scott sought an order for "normal visitation & custody." The notice of hearing at the bottom of Scott's motion stated that a hearing was scheduled for September 26.

In an order filed on November 26, 2018, the district court stated that a hearing was held on September 26 regarding Scott's motion for visitation (no bill of exceptions from this hearing appears in our record, nor was it requested in a praecipe). The district court stated that Scott's motion was "denied at this time." Kimberly's counsel was ordered to "continue to present [the child's] school activities schedules" to Scott's counsel "well prior to any of said activities," and to provide the court with a verification copy of any and all school activity reports. "Any other motions, at this time, shall be held in abeyance, until further order of the Court."

On February 14, 2019, Scott filed a motion for inclusion or replacement of counselors. He asked the district court for an order granting him "an [i]nclusion" of two named counselors in the

family counseling previously ordered by the court, and stated that said counselors "may further be substituted into counseling" if the current family counseling group chose to recuse themselves. Scott alleged that he had attempted to add or substitute his named counselors, but that Kimberly's actions (i.e. refusing to consent) prevented such addition or substitution. Scott further alleged that at the last family counseling session on January 17, the family counselor indicated it may be in the parties' best interests to transfer counseling. Scott stated he "should be awarded custodial normalization, pursuant to normal Wilson v. Wilson visitation," and that a new counseling professional would facilitate the reunification of the father/daughter relationship. The notice of hearing at the bottom of Scott's motion stated that a hearing was scheduled for March 28. It appears this hearing was ultimately held on April 16. However, there is not a bill of exceptions or an order regarding any hearing held on April 16 in our record, nor were they requested in a praecipe.

On June 17 and 21, 2019, Scott filed a motion and an amended motion to compel entry of an order, asking the district court "for an order entering the attached Order, all in accordance with the Court's findings made on April 16." Scott alleged: his counsel "drafted the attached Order (marked Exh. 'A' herein) . . . all pursuant to the Court's request at said hearing"; the order was forwarded to Kimberly's counsel on April 24 "to make any required revisions, and forward directly to the Court"; Kimberly's counsel "advised she desired modifications to the Order, which were executed by" Scott's counsel; and his counsel sent the modified order back to Kimberly's counsel on May 10 "only to discover that [Kimberly's] counsel" "would not execute the Amended Order," "(see Exhibit 'B')." The attached Exhibit A was a proposed order showing next steps in the case, i.e. that Scott's motion for inclusion or replacement of counselors, and Kimberly's motion for attorney fees, would be held in abeyance and continued to a future date after the completion of several items (including that Scott attend a parenting class, and that the parties sign certain releases for the current therapists to communicate with the proposed new therapist) and then a status hearing would be scheduled. The attached Exhibit B consisted of letters from Scott's counsel to Kimberly's counsel regarding modifications to the proposed order. Scott asked the court to grant his motion to compel and enter the attached order. The notice of hearing at the bottom of both of Scott's motions stated that a hearing was scheduled for July 1.

On June 25, 2019, Kimberly filed a motion to dismiss the "above-captioned cause" alleging: there had been a lack of prosecution to move forward with the case; Scott refused to follow the district court's orders on multiple occasions; Scott consistently submitted inaccurate orders that were contrary to the court's ruling; more than 2 years had gone by and Scott refused to follow the instructions from the child's counselor; and in over 2 years, there had been no steps taken by Scott for reunification with his child. The notice of hearing at the bottom of Kimberly's motion stated that the motion would be heard on July 1. The certificate of service at the bottom of her motion states that a true and correct copy of her motion "was served upon the following by causing same to be filed using the Nebraska Justice System which provided E-Service" on June 25; it then lists Scott's counsel and counsel's purported email address (this email address is the same email address listed for Scott's counsel on the "Certificate of Appeal to the Nebraska Court of Appeals").

On June 30, 2019, Scott filed a resistance to Kimberly's motion to dismiss, claiming that he did not receive the motion until June 28. Scott further alleged: he "duly submitted his Orders

for [Kimberly's] signature on numerous occasions, for the 4/16 hearing & counsel never signed same"; he "was forced to file the Motion to Enter Order, after numerous letters to [Kimberly's] counsel to execute the Order for the Court"; "[Kimberly's] counsel never proposed an Order for the 4/16/19 hearing & is the only dilatory party herein"; Kimberly's motion to dismiss had "not been properly noticed, time wise," to Scott's counsel, who desired additional time to resist; and Kimberly's counsel set the motion to dismiss "improperly, on top of [Scott's] Motion to Enter Order, without sufficient time notice to [Scott's] counsel." Also on June 30, Scott filed a motion to continue Kimberly's "recently filed Motion to Dismiss" scheduled for July 1.

In its order filed on July 2, 2019, the district court stated that on July 1 Scott's amended motion to compel entry of order and Kimberly's motion to dismiss came on for hearing. (We note that although Scott requested the bill of exceptions for the July 1 hearing in his praecipe, a filed affidavit from the court reporter states that the reporter "has searched her notes and finds that she has made no record in connection with the case, and therefore, there will be no bill of exceptions from the District Court of Douglas County, Nebraska.") In its order, the district court stated:

A Decree of paternity was entered on the 25th day of February, 2009 and on December 14, 2015 [Scott] filed an application for modification which is still pending.

The Court finds that [Scott] has failed to follow the instructions of the minor child's counselor which has negated any attempts for reunification of [Scott] with the minor child.

The Court further finds that [Scott] has failed to demonstrate a material change in circumstances which would justify an order of modification and, therefore, [Kimberly's] motion to dismiss the pending application for modification should be sustained and [Scott's] amended motion to compel entry of order should be overruled and denied.

Scott timely filed his notice of appeal on July 25, 2019.

## ASSIGNMENTS OF ERROR

Scott assigns, summarized, (1) the district court improperly determined that his application for modification should be dismissed based upon an untimely filing by Kimberly, (2) he was denied due process of law, and (3) the court erred in not affirming his request for use of his own independent counselor, and in upholding a motion to dismiss, without allowing for an evidentiary hearing.

## STANDARD OF REVIEW

Child custody determinations are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015).

An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*. A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result. *Id*.

Dismissal of a civil action for lack of prosecution is addressed to the discretion of a trial court, whose ruling, in the absence of an abuse of discretion, will be upheld on appeal. *Jones v. Jones*, 284 Neb. 361, 821 N.W.2d 211 (2012).

ANALYSIS

Scott contends that the district court should not have dismissed his modification action. However, Kimberly asserts that the district court did not abuse its discretion in dismissing Scott's modification action "that had been pending for three years six months and eighteen days," for lack of prosecution. Brief for appellee at 4. And that the effect of the dismissal was to "place the parties back to where they were before the modification was filed," i.e. that Scott's "parental rights, as contained in the February 2009 decree, remain." *Id*. at 6. We agree with Scott that the district court should not have dismissed his modification action following a nonevidentiary hearing on July 1, 2019, but we can also appreciate Kimberly's arguments related to the protracted nature of the proceedings.

The plaintiff bears the responsibility to prosecute a case with reasonable diligence. *Marcuzzo v. Bank of the West*, 290 Neb. 809, 862 N.W.2d 281 (2015). In the absence of a showing of good cause, a litigant's failure to prosecute a civil action, resulting in noncompliance with the Nebraska Supreme Court's progression standards for civil actions in district courts, is a basis to dismiss an action on account of a lack of diligent prosecution. *Id*. See, also, Neb. Ct. R. § 6-101 (rev. 2013) (case progression standards in district and county court cases; for domestic relations cases, 50-percent of cases disposed of in 180 days and 95-percent of cases disposed of in 1 year, but time is excluded for mediation and parent education). A district court has discretionary power to dismiss a case for want of prosecution and such dismissal is also within the court's inherent power. *Jones v. Jones*, 284 Neb. 361, 821 N.W.2d 211 (2012). See, also, Neb. Rev. Stat. § 25-1149 (Cum. Supp. 2018). The power to dismiss for want of prosecution is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the trial courts. *Jones v. Jones, supra*. A dismissal can also be based upon a litigant's failure to obey an order of the court concerning the proceedings in the action. See, Neb. Rev. Stat. § 25-601 (Reissue 2016); *Christianson v. Educational Serv. Unit No. 16*, 243 Neb. 553, 501 N.W.2d 281 (1993) (trial court ordered plaintiffs to make their petitions more definite and certain, but plaintiffs refused; petitions dismissed without prejudice). See, also, *Jones v. Jones, supra*.

It appears that Scott has been active in this case since filing his application to modify in December 2015, and particularly following the district court's temporary order filed on February 27, 2017, as we have set forth previously. Although the district court ultimately granted Kimberly's motion to dismiss (which alleged in part a failure to prosecute), the reasons stated by the district court went to the heart of the merits of the case, i.e. whether Scott demonstrated a material change in circumstances warranting a modification of custody. The court's order did not dispose of the case solely based on a lack of prosecution. Instead, the court found that Scott had not demonstrated a material change in circumstances; to make such a finding would have required an evidentiary hearing, and as noted in the court reporter's affidavit, no such hearing was held on July 1, 2019. See, Neb. Ct. R. § 1-203 (rev. 2010) (court reporting personnel must comply with any Nebraska Supreme Court rule relating to official court reporters and have a duty to make a verbatim record

of all proceedings in the court to which they are appointed in accordance with Neb. Ct. R. App. P. § 2-105); § 2-105(A)(1) (rev. 2018) (court reporting personnel shall in all instances make a verbatim record of the evidence offered at trial or other evidentiary proceeding; this record may not be waived). But, see, § 2-105(A)(2) (motion hearing does not require verbatim record unless requested). The district court's July 2, 2019, order refers to a July 1 hearing, and on appeal, both parties refer to a hearing on that date as well. The lack of a verbatim record for July 1 suggests it was taken up only as a motion hearing and not for the purpose of receiving evidence. And without evidence, the court could not enter an order concluding that Scott failed to demonstrate a material change in circumstances and dismiss his complaint on that basis, as we explain next.

Although Scott initially claimed that he was denied his due process rights, "under the 2nd Amendment to the Constitution and the other Amendments thereto, as well as the Constitution of the State of Nebraska," brief for appellant at 5, he subsequently modified this assertion in his reply brief, stating he was "unquestionably denied his due process rights under the U.S. Const. Amend V & XIV, Neb Const. Art. 1 Section 3," reply brief at 8. We do find that Scott was denied due process.

A party seeking modification must show a material change in circumstances, occurring after the entry of the previous custody order and affecting the best interests of the child, next, the party seeking modification must prove that changing the child's custody is in the child's best interests. *State on behalf of Jakai C. v. Tiffany M.*, 292 Neb. 68, 871 N.W.2d 230 (2015). The district court dismissed Scott's application to modify after finding (1) Scott failed to follow the instructions of the minor child's counselor which negated any attempts for reunification with the minor child, and (2) that Scott failed to demonstrate a material change in circumstances which would justify an order of modification. But, as discussed above, the district court did not conduct an evidentiary hearing before making such findings of fact, and thus Scott was denied an opportunity to be heard and to prove his case that there was a material change of circumstances affecting the child's best interests. It is fundamental to due process that a person has reasonable notice and an opportunity to be heard appropriate to the nature of the proceeding and the character of the rights which might be affected by it. *Krejci v. Krejci*, 304 Neb. 302, 934 N.W.2d 179 (2019). Under the circumstances of this case, the district court abused its discretion by dismissing Scott's modification action without an evidentiary hearing. Accordingly, we reverse the dismissal and remand the matter for further proceedings.

Because we find that the dismissal was improper and that further proceedings are required, we need not address Scott's other assigned errors. See *Johnson v. Nelson*, 290 Neb. 703, 861 N.W.2d 705 (2015) (appellate court not obligated to engage in analysis not necessary to adjudicate case and controversy before it).

CONCLUSION

For the reasons stated above, we reverse and remand for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.